BDB:SBB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN L. PERRY, | : | CIVIL NO. |
|         Plaintiff, | : | |
| V. | : | |
| | : | |
| THE UNITED STATES OF | : | |
| AMERICA; RAFAEL LOPEZ- | : | (J.        ) |
| MONEGRO, | : | |
| | : | |
|         Defendants. | : | |

---

## **EXHIBITS TO DEFENDANT'S**
## **NOTICE OF REMOVAL**
## **OF CIVIL ACTION**

---

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

/s Shana B. Bellin
SHANA B. BELLIN
Assistant U.S. Attorney
Atty. I.D. #PA 315513
228 Walnut St, Suite 220
Harrisburg, PA 17101
Phone (717) 221-4482
shana.b.bellin@usdoj.gov

# EXHIBIT   A



EDWARD B. MCDAID, ESQUIRE

*ATTORNEY FOR PLAINTIFF*

PA ID No.: 04099
255 South 17th Street - Suite 1400
Philadelphia, PA  19103
Phone: (215)546-1212
Fax: (215)546-1258
Email: emcdaid@mfblawyers.com

| | | |
|---|---|---|
| Dawn L. Perry | : | WAYNE COUNTY, PENNSYLVANIA |
| 1500 Wood Avenue | : | COURT OF COMMON PLEAS |
| Honesdale, PA  18431 | : | |
| PLAINTIFF | : | CIVIL ACTION - MEDICAL |
| V. | : | PROFESSIONAL LIABILITY ACTION |
| Hoon C. Yoo | : | |
| 110 Park Street | : | |
| Honesdale, PA 18431 | : | NO.:  174 - Civil - 2017 |
| and | : | |
| Rafael Lopez-Monegro | : | |
| 17a Beech Grove Road | : | |
| Honesdale, PA 18431 | : | |
| DEFENDANTS | : | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CAN NOT AFFORD ONCE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

NORTHERN PA. LEGAL SERVICES, INC.
WAYNE COUNTY COURTHOUSE
HONESDALE, PA   18431
PHONE: (717)253-1031

CERTIFIED FROM
THE RECORD

APR 0 7 2017

EDWARD G SANDERCOCK
PROTHONOTARY & CLERK

2017 APR -7  P 2: 47

PROTHONOTARY AND
CLERK OF COURTS
WAYNE COUNTY, PA

EDWARD B. MCDAID, ESQUIRE
PA ID No.: 04099
255 South 17th Street - Suite 1400
Philadelphia, PA  19103
Phone: (215)546-1212
Fax: (215)546-1258
Email: emcdaid@mfblawyers.com

*ATTORNEY FOR PLAINTIFF*

| | |
|---|---|
| Dawn L. Perry<br>1500 Wood Avenue<br>Honesdale, PA  18431<br>  PLAINTIFF<br>V.<br>Hoon C. Yoo<br>110 Park Street<br>Honesdale, PA 18431<br>  and<br>Rafael Lopez-Monegro<br>17a Beech Grove Road<br>Honesdale, PA 18431<br>  DEFENDANTS | WAYNE COUNTY, PENNSYLVANIA<br>COURT OF COMMON PLEAS<br><br>CIVIL ACTION - MEDICAL<br>PROFESSIONAL LIABILITY ACTION<br><br>NO.:  174 - Civil 2017 |

## CIVIL ACTION - COMPLAINT
## MEDICAL PROFESSIONAL LIABILITY ACTION

Plaintiff, by her attorney, hereby demands damages of the defendants herein, jointly

and/or severally, for a sum in excess of the arbitration limits of this court, upon causes of action

whereof the following are statements:

1. Plaintiff, Dawn L. Perry, is citizen of the Commonwealth of Pennsylvania residing

therein at 1500 Wood Avenue, Honesdale.

2. Defendant, Hoon C. Yoo, is a licensed professional with offices at 110 Park St.,

Honesdale, Wayne County, Pennsylvania. Plaintiff is asserting a professional liability claim

against this defendant.

-1-

CERTIFIED FROM
THE RECORD
APR 0 7 2017
EDWARD G SANDERCOCK
PROTHONOTARY & CLERK

3. Defendant, Rafael Lopez-Monegro, is a licensed professional with offices at 17a Beech Grove Road, Honesdale, Wayne County, Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.

4. On or about November 17, 2015, defendant Yoo performed a surgical procedure upon Ms. Perry during which the patient's left ureter was ligated or otherwise injured.

5. On or about November 22, because of the patient's post-operative complaints, Dr. Yoo consulted with Dr. Lopez Monegro who undertook to evaluate the patient's condition.

6. The care rendered by the defendants to Ms. Perry was negligent in respects hereinafter set forth, breached the standard of care of reasonable and competent physicians, and caused the plaintiff to suffer injury and sustain damages in respects hereinafter set forth.

7. As a result of the defendants' conduct the plaintiff sustained injury to her left ureter and kidney, requiring her to undergo multiple surgical procedures, putting her at risk for urinary tract infections, stenosis of the ureter, and loss of her left kidney.

8. As a further result of the tortious misconduct of the defendants, the plaintiff has been obliged to expend various and diverse sums of money for medical and surgical treatment and care and will continue to be obliged to expend such sums for an indefinite time in the future to her great detriment and loss.

9. As a further result of the defendants' tortious misconduct, the plaintiff has suffered loss and depreciation of her earnings and earning capacity and will continue to sustain such loss for indefinite time in the future.

10. As a further result of the defendants' tortious misconduct, the plaintiff has been unable to attend to her usual daily duties, occupations, and labors and will continue to be so

-2-

unable for an indefinite time in the future to her great detriment and loss.

11. As a further result of the defendants' tortious misconduct, the plaintiff has been obliged to suffer severe physical pain, mental anguish, emotional anguish and embarrassment and will continue to suffer same for an indefinite time in the future to her great detriment and loss.

### Count I:    Dawn L. Perry v. Hoon C. Yoo

12. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth at length.

13. The negligence and carelessness of the defendant Hoon consisted of the following:

 a. failing to identify the patient's ureter during the surgery;

 b. failing to protect the patient's left ureter during the surgery;

 c. failing to determine and establish at the conclusion of the surgery that the patient's ureter had not been injured, damaged, ligated or otherwise harmed during the surgery;

 d. failing to promptly arrange for a urology consultation in the face of signs and symptoms suggestive of injury to the patient's left ureter;

 e. failing to arrange for or undertake a complete and thorough work up of the patient in the face of signs and symptoms indicative of injury to the left ureter;

 f. failing to properly evaluate the patient's pain complaints and then prescribing heavy pain medicine that would merely mask the pain.

WHEREFORE, plaintiff demands judgment of the defendant together with costs and damages for delay.

## Count II:   Dawn L. Perry v. Rafael Lopez-Monegro

14. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth at length.

15. The negligence of the defendant Lopez-Monegro consisted of the following:

a. failing to properly evaluate the patient during and after his consultation;

b. failing to consider that the patient's ureter had been compromised during her earlier surgery;

c. failing to perform a cystoscopy and retrograde pyelogram;

d. failing to perform placement of a retrograde ureteral stent;

e. failing to perform an ultrasound guided transvaginal drainage of pelvic abscess.

WHEREFORE, plaintiff demands judgment of the defendant together with costs and damages for delay.

EDWARD B. MCDAID, ESQUIRE

BY:_____

Edward B. McDaid
Attorney for Plaintiff

-4-

## **VERIFICATION**

I hereby verify that the facts set forth in Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief. I understand that any false statements contained herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

**Dawn L. Perry**

## Exhibit 1

(The notification by an Assistant Surgeon General of the
Department of Health and Human Services deeming the
medical center eligible for the Federal Tort Claims Act
(FTCA) malpractice coverage.)

# EXHIBIT   B

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dawn L. Perry, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Hoon C. Yoo and Rafael Lopez-Monegro, | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF
## MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Wayne Memorial Community Health Centers, its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I have caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Dawn L. Perry, and/or an authorized representative relating to Wayne Memorial Community Health Centers and Dr. Hoon C. Yoo.

1

5. I have also reviewed official Agency records and determined that Wayne Memorial Community Health Centers, as deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2014, January 1, 2015, January 1, 2016, and its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Wayne Memorial Community Health Centers is attached to this declaration as Exhibit 1.

6. Official Agency records indicate that at all times relevant to the Plaintiff's complaint; Dr. Hoon C. Yoo, was an employee of Wayne Memorial Community Health Centers.

7. Official Agency records also indicate that Dr. Hoon C. Yoo was an employee of Wayne Memorial Community Health Centers beginning on or about January 1, 2009 until April 28, 2017.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this __15th__ day of __June__, 2017

MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

# EXHIBIT   C

| | |
|---|---|
| **1. ISSUE DATE:** 5/31/2013 | |
| **2a. FTCA DEEMING NOTICE NO.:** 1-F00000607-13-01 | |
| **2b. Supersedes: [ ]** | |
| **3. COVERAGE PERIOD:** FROM: 1/1/2014 THROUGH: 12/31/2014 | DEPARTMENT OF HEALTH AND HUMAN SERVICES |
| **4. NOTICE TYPE:** Renewal | HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **5a. ENTITY NAME AND ADDRESS:** Wayne Memorial Community Health Centers 601 PARK ST HONESDALE, PA 18431-1445 | **NOTICE OF DEEMING ACTION** |
| **6. ENTITY TYPE:** Grantee | **FEDERAL TORT CLAIMS ACT AUTHORIZATION:** Federally Supported Health Centers Assistance Act (FSHCAA), as amended. Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **7. EXECUTIVE DIRECTOR:** FREDERICK JACKSON | |
| **8a. GRANTEE ORGANIZATION:** Wayne Memorial Community Health Centers | |
| **8b. GRANT NUMBER:** H80CS08760 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

a. The authorizing program legislation cited above.
b. The program regulation cited above, and,
c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Jim Macrae, Associate Administrator for Primary Health Care on: 5/31/2013 11:09:11 AM*

| FTCA DEEMING NOTICE NO.:<br>1-F00000607-13-01 | GRANT NUMBER:<br>H80CS08760 |  |
|---|---|---|

**Wayne Memorial Community Health Centers**
**601 PARK ST**
**HONESDALE, PA 18431-1445**

Dear FREDERICK JACKSON:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Wayne Memorial Community Health Centers to be an employee of the PHS, for the purposes of section 224, effective 1/1/2014 through 12/31/2014.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Wayne Memorial Community Health Centers and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| FTCA DEEMING NOTICE NO.:<br>1-F00000607-14-01 | GRANT NUMBER:<br>H80CS08760 |  |
|---|---|---|

**Wayne Memorial Community Health Centers**
**601 PARK ST**
**HONESDALE, PA18431-1445**

Dear FREDERICK JACKSON:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Wayne Memorial Community Health Centers to be an employee of the PHS, for the purposes of section 224, effective 1/1/2015 through 12/31/2015.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Wayne Memorial Community Health Centers and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

| | |
|---|---|
| **1. ISSUE DATE:** 7/14/2015 | |
| **2a. FTCA DEEMING NOTICE NO.:**<br>1-F00000607-15-01 | |
| **2b. Supersedes: [ ]** | |
| **3. COVERAGE PERIOD:**<br>FROM: 1/1/2016 THROUGH: 12/31/2016 | DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:**<br>Wayne Memorial Community Health Centers<br>601 PARK ST<br>HONESDALE, PA 18431-1445 | **HRSA**<br><br>**NOTICE OF DEEMING ACTION**<br><br>**FEDERAL TORT CLAIMS ACT AUTHORIZATION:**<br>Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)–(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)–(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:**<br>FREDERICK JACKSON | |
| **8a. GRANTEE ORGANIZATION:**<br>Wayne Memorial Community Health Centers | |
| **8b. GRANT NUMBER:** H80CS08760 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

| FTCA DEEMING NOTICE NO.:<br>1-F00000607-15-01 | GRANT NUMBER:<br>H80CS08760 |  |
|---|---|---|

**Wayne Memorial Community Health Centers**
**601 PARK ST**
**HONESDALE, PA18431-1445**

Dear FREDERICK JACKSON:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Wayne Memorial Community Health Centers to be an employee of the PHS, for the purposes of section 224, effective 1/1/2016 through 12/31/2016.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Wayne Memorial Community Health Centers and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

# EXHIBIT D

## C E R T I F I C A T I O N

I, Kate L. Mershimer, Chief, Civil Division, United States Attorney's Office for the Middle District of Pennsylvania, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2), and by virtue of the authority vested in the United States Attorney by the Appendix to 28 C.F.R. § 15.3, and his re-delegation of that authority to me, hereby certify that I have read the Complaint and related court papers in this action and other relevant material. On the basis of the information now available with respect to the allegations therein, I find that Defendant, Hoon C. Yoo, was acting within the scope of his employment as an employee of the United States at all relevant times during which medical treatment was provided to Dawn L. Perry.

Kate L. Mershimer
Assistant U.S. Attorney
Chief, Civil Division
228 Walnut Street, Suite 220
Harrisburg, Pennsylvania  17108

Dated:  6/20/2017